No. 85-210

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

IN THE MATTER OF J. F., a youth
under 18 years of age.

---

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garry P. Bunke, Forsyth, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John S. Forsythe, County Attorney, Forysth, Montana

---

                    Submitted on Briefs: Aug. 22, 1985

                            Decided: December 18, 1985

Filed: DEC 1 8 1985


                    _Ethel M. Harrison_
        _____
                        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Youth Court of the Sixteenth Judicial District for Rosebud County committed J. F. to Mountain View School for Girls until she attained the age of 21 years or was released by the school. J. F. contends that her commitment was not authorized under the statutes and was therefore improper. We reverse the Youth Court.

The determinative issue is whether the Youth Court had jurisdiction under the facts to enter an order of commitment to Mountain View School.

Fifteen year old J. F. lived with her mother, but ran away from home in June 1984. Pursuant to § 41-5-401, MCA, a consent adjustment without petition was signed by the juvenile probation officer, J.F., and her mother on June 29, 1984. J. F. agreed in the consent adjustment to be on probation for a period of 6 months from July 1, 1984 through December 31, 1984. The agreed conditions of J. F.'s probation included conducting herself in a law abiding manner, not being on the streets after curfew in the evening, attending school regularly, refraining from the use of drugs and intoxicants, and reporting to a probation officer each week. The Youth Court approved the consent adjustment on June 29, 1984. The written rules of probation stated that the "term of probation shall be for a period of six months, from July 1, 1984 through December 31, 1984, unless otherwise ordered by the Judge of the District Court of the Sixteenth Judicial District."

A petition for youth hearing was filed August 13, 1984. The petition alleged that J. F. was a youth in need of supervision because of her habitual disobedience of the reasonable and lawful demands of her mother and running away

2

from her legal residence. Summons were issued and served upon J. F. and upon her mother on August 13, 1984. No hearing was held on that petition, as required by statute.

By order dated October 29, 1984, the Youth Court ordered J. F. and her mother to meet with a guidance counselor to draw up a viable living agreement, which was to be submitted to the court within two weeks. No such agreement was submitted. In the absence of any agreement, the Youth Court entered an order on November 19, 1984. That order provided J. F. was not to associate with certain adult males, was to abide by specific curfew rules, and was to refrain from non-affectionate physical contact or verbal harassment, and from physical damage to the home. The court ordered that if J. F. violated these conditions, she should be detained in the Rosebud County Jail for a minimum of 48 hours. If violated a second time, she was to be detained in jail and the Probation Department was to ask the County Attorney to file a petition, charging a violation of probation and seeking commitment of J. F. to Mountain School for Girls.

The County Attorney filed a petition for violation of probation and commitment to Mountain View on February 25, 1985. At that time and for the first time, counsel was appointed for J. F. A hearing was held and witnesses were produced on behalf of the State and J. F. At the conclusion of the hearing, the Youth Court issued an order for involuntary commitment, providing that J. F. be committed to Mountain View School for Girls until she reached 21 years of age or was sooner released. The court ordered that all psychological reports and evaluations be forwarded to Mountain View School for Girls and recommended psychiatric treatment.

The determinative issue is whether the Youth Court had proper jurisdiction under the facts to enter an order of commitment to Mountain View School?

The petition to have J. F. adjudicated a youth in need of supervision was filed on August 13, 1984. Service was properly made upon J. F. and also upon her mother. Thereafter, no attempt was made to follow the procedures set forth in §§ 41-5-501 through -533, MCA. In particular, prior to the orders of October 29, 1984 and November 19, 1984, no reference was made to § 41-5-516, MCA, which requires that a petition be dismissed with prejudice if a hearing has not begun within 15 days after service is completed. While it is true that section provides for a continuance upon motion of either party or the court, there is no order of continuance in the record. Therefore, it appears that the petition should have been dismissed with prejudice.

We also note that § 41-5-511, MCA, provides that the youth and parents should be advised by the court following the filing of a petition, that the youth may be represented by counsel in all stages of the proceedings. That section also provides that neither the youth nor the parent may waive counsel after the petition has been filed if commitment to a state correctional facility for a period of more than six months may result.

The record does not indicate any attempt by the court to comply with the adjudicatory hearing or dispositional hearing provisions of §§ 41-5-521 and -522, MCA. We conclude the proceedings in this case were not sufficient under the Youth Court Act to constitute a proper adjudication that J. F. was a youth in need of supervision.

The consent adjustment without petition was properly completed in accordance with the requirements of §§ 41-5-401

4

through -403, MCA. However, it is important to note that the term of probation was six months, from July 1 through December 31, 1984. The orders by the Youth Court dated October 29 and November 19, 1984, were not sufficient to constitute an extension of that probationary period. We therefore must conclude that the period of probation expired on December 31, 1984.

The transcript and the record of the proceedings indicate that there was a sincere attempt on the part of the County officials and the Youth Court judge to review the circumstances and to make arrangements for the best interests of J. F. The extensive testimony establishes that the best efforts of a number of the local officials in Rosebud County had not been successful in helping J. F. to a point where she could be obedient to authority. As a result, the record tends to establish a basis for the order on the part of the Youth Court. However, the appropriate procedures were not followed.

The actions on the part of J. F. which formed the basis for the order of commitment all took place in 1985, after the expiration of her probation period. In addition, § 41-5-403(4), MCA, provides in pertinent part:

> If the youth violates his aftercare agreement as provided for in 53-30-226, he must be returned to the court for further disposition. No youth may be placed in a state youth correctional facility under informal adjustment.

Under that statute, J. F. could not be placed in Mountain View School for Girls under the informal adjustment provisions of § 41-5-401, MCA.

We therefore reverse the order of involuntary commitment and remand the matter for such further proceedings as the Youth Court of Rosebud County may find appropriate.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6